**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 9707012190 |
| | ) | |
| | ) | |
| FREDDY FLONNORY, | ) | |
| | ) | |
| Defendant. | ) | |

Decided: March 24, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT**

**DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF (THIRD)**
**SHOULD BE SUMMARILY DISMISSED.**
**AND**
**RULE 61 COUNSEL'S MOTION TO WITHDRAW SHOULD BE GRANTED**

Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Patrick J. Collins Esquire and Albert J. Roop, V. Esquire, 8 East 13th Street, Wilmington, Delaware 19801, Attorneys for Defendant.

MANNING, Commissioner

This 24th day of March, 2015, upon consideration of Defendant's third Motion for Postconviction Relief, the Court finds the following:

## FACTS AND PROCEDURAL HISTORY

The facts leading to Flonnory's 1999 murder conviction and death sentence were well summarized by the Delaware Supreme Court in its ruling reversing that conviction, and do not need repeating here.[1] A second trial was held in 2004 that also resulted in a murder conviction. However, at the conclusion of the penalty phase, and over the jury's recommendation, the Superior Court sentenced Flonnory to life in prison.[2] That conviction and sentence was upheld on appeal by the Delaware Supreme Court in 2006.[3] Flonnory filed his first motion for postconviction relief on January 26, 2007. That motion was denied by the Superior Court,[4] and then unsuccessfully appealed to the Supreme Court.[5] Having exhausted all state court remedies, Flonnory then sought a *writ of habeas corpus* in the United States District Court for the District of Delaware, which was also denied.[6]

Undeterred, Flonnory filed a second motion for postconviction relief in the Superior Court on March 18, 2013. That motion was subsequently denied as the Court ruled that all of Flonnory's claims were procedurally barred.[7] Rather than appeal this denial to the Delaware Supreme Court, Flonnory filed what can best be characterized as an amended or superseding third *pro se* motion for Postconviction relief with the

---

[1] *See Flonnory v. State*, 778 A.2d 1044, 1046 (Del. 2001).
[2] *See State v. FLonnory*, 2004 WL 1658496 (Del. Super).
[3] *See Flonnory v. State*, 893 A.2d 507 (Del. 2006).
[4] *See State v. Flonnory*, 2008 WL 495780 (Del. Super).
[5] *See Flonnory v. State*, 2008 WL 3906077 (Del.).
[6] *See Flonnory v. Phelps*, 2010 WL 3023657 (D. Del.).
[7] *See State v. Flonnory*, 2013 WL 2149885, at *2 (Del. Super.).

Superior Court on July 6, 2013.[8] Flonnory also sought appointment of counsel, which was granted on July 18, 2013.

Appointed counsel (Rule 61 Counsel), filed a comprehensive Motion to Withdraw as Counsel pursuant to Rule 61(e)(2) on January 30, 2015. Superior Court Criminal Rule 61(e)(2) provides that:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the movant may file a response to the motion within 30 days of service of the motion upon the movant.

In the Motion to Withdraw, Flonnory's Rule 61 Counsel represented that, after undertaking a thorough analysis of the case, Flonnory's claims were so lacking in merit that Rule 61 Counsel could not ethically advocate any of them. Rule 61 Counsel further represented that, following a thorough review of the record, it was unaware of any other substantial claim for relief available to Flonnory. Flonnory filed his Response to Rule 61 Counsel's Motion to Withdraw on March 6, 2015.

## DEFENDANT'S RULE 61 MOTION

Flonnory's claims for postconviction relief, in his own words, can be summarized as follows:

(1) Trial Counsel was ineffective for incorrectly arguing at trial, and on appeal, that it was error for the State to introduce the prior testimony of Dwayne Warren, and introduce it utilizing a State agent to substitute for Warren's live testimony; and,

---

[8] This motion was rejected by the Court as non-conforming and was never docketed. However, the July 6, 2013, motion was provided to, and utilized by Rule 61 Counsel in their briefing and has been considered by the Court in its entirety in reaching this ruling.

2

(2) Trial Counsel was ineffective by not obtaining a certified ballistics expert to rebut and challenge the validity of the State's expert.

In his third postconviction motion, Flonnory fails to assert any new arguments. Rather, Flonnory attempts to cure the procedural defaults cited by the Court in the denial of his second postconviction motion. Flonnory largely restates the arguments from his prior Postconviction motion, but adds a section to each claim arguing that he also has a "colorable claim that there was a miscarriage of justice because of a constitutional violation" under Superior Court Criminal Rule 61(i)(5).

## **LEGAL STANDARD**

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[9] The first prong requires that a defendant show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires that the defendant show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[10]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[11]

Mere allegations of ineffectiveness will not suffice; a defendant must make and substantiate concrete allegations of actual prejudice.[12] An error by defense counsel, even

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[10] *Id.*
[11] *Id.* at 697.

if professionally unreasonable, does not warrant setting aside a judgment of conviction if the error had no effect on the judgment.[13]   Finally, and of most applicability here, a reviewing court need not consider the merits of a Rule 61 motion if the motion is procedurally barred.[14]

## PROCEDURAL BARS

Flonnory's claims are time-barred under Superior Court Criminal Rule 61(i)(1) because this *third* Motion was not filed within one year of the date the conviction became final.

Superior Court Criminal Rule 61(i)(1):

Time Limitation.  A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

Additionally, Flonnory's claims are, again, procedurally barred under Rule 61(i)(4) as previously adjudicated.  Both of Flonnory's claims have been examined, and denied, by prior rulings of this Court and the Delaware Supreme Court.  Merely adding that a "colorable claim" of a "constitutional violation" occurred, at this point in time, does not change this fact.

As to Flonnory's first postconviction claim, the Delaware Superior Court,[15] Delaware Supreme Court,[16] and District Court of Delaware,[17] all previously addressed a

---

[12] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[13] *Strickland,* 466 U.S. at 691.

[14] *Younger,* 580 A.2d *at* 554.

[15] *State v. Flonnory*, 2008 WL 495780, at *3(Del. Super.) (finding that the issue was fully argued by counsel at trial and therefore procedurally barred by Rule 61(i)(4)).

[16] *See Flonnory v. State*, 893 A.2d 507, 533 (Del. 2006) (holing it was not error to admit Dwayne Warren's former testimony).

[17] *See Flonnory v. Phelps*, 2010 WL 3023657, at *3 (D. Del.) (holding that the Delaware Supreme Court's denial was not contrary to nor an unreasonable application of *Strickland v. Washington*).

4

nearly identical argument as to what Flonnory makes now. Each court held that it was not error to admit Warren's prior testimony. Additionally, any argument as to the *manner* in which the prior testimony was presented to the jury, not previously raised at trial, direct appeal, the first postconviction motion, or federal writ, is deemed waived and thus procedurally barred under Rule 61(i)(2).

Flonnory's second postconviction claim is also procedurally barred. First, assuming *arguendo,* that Flonnory is raising an argument not previously asserted in prior motions, his arguments are waived, and thus barred under Rule 61(i)(2).[18] The reality, however, is that Flonnory's arguments are merely a continuation of previous arguments concerning the firearms and ballistics evidence presented at the 2004 trial. Flonnory now attempts to repackage, re-label and refine these arguments, despite having argued some form of them all along. As noted in prior opinions of this Court, Trial Counsel advanced the best possible strategy they could in light of witness testimony that Flonnory was in possession of a semi-automatic handgun, and not a revolver.[19] Flonnory's argument concerning the need for a "certified ballistics expert" is conclusory and speculative at best. Flonnory has failed to identify an expert or expert opinion, propounding the evidence he seeks, much less provide one to the Court in support of his argument. To the extent that Flonnory's arguments at this stage in the proceedings do not advance any type of new or novel claims, they are meritless under *Strickland*, and procedurally barred as previously adjudicated under Rule 61(i)(4).

---

[18] Incidentally, the same conclusion was reached by this Court in ruling upon Flonnory's second postconviction motion in 2013. *See Flonnory*, 2013 WL 2149885, at *3.
[19] *See State v. Flonnery*, 2008 WL 495780, at *3 (Del. Super.).

5

For all of the foregoing reasons, Flonnory's Motion should be SUMMARILY

DISMISSED[20] and Rule 61 Counsel's Motion to Withdraw should be GRANTED.

**IT IS SO RECOMMENDED.**


/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc: Prothonotary
cc: Defendant

---

[20] Superior Court Criminal Rule 61(d)(4).

6